UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
                                :

SCHEREZADE MOMIN,               :
                                :

           Plaintiff,        :
                                :

      -against-        :      Case No. 1:21-cv-612(JGK)
                                :

QUANTIERRA ADVISORS LLC. dba   :
SCIPRE ANALYTICS,         :
BENJAMIN CARLOS THYPIN, *Individually* and   :
SANDIP TRIVEDI, *Individually*,     :
                                :

         Defendants.     :
------------------------------------------------------------------- x

# DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT
## OF THEIR MOTION TO DISMISS PLAINTIFF'S  SECOND AMENDED COMPLAINT

Dated:  New York, New York
       November 22, 2021

Aaron Warshaw
Jessica R. Schild
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C
599 Lexington Avenue, 17th Floor
New York, New York 10022
(212) 492-2500

*Attorneys for Defendants*

## TABLE OF CONTENTS

I.      PRELIMINARY STATEMENT ...................................................................... 1

II.     BACKGROUND ............................................................................................. 2

      A.      Plaintiff's Second Amended Complaint Improperly Asserts Federal Subject
            Matter Jurisdiction Based Upon a Non-Actionable FLSA Claim ......................... 2

      B.      Procedural History .......................................................................... 5

III.    ARGUMENT ................................................................................................. 6

      A.      The Applicable Rule 12(b)(6) Standard ................................................ 6

      B.      Despite Having Twice Amended Her Complaint, Plaintiff's Second
            Amended Complaint Still Fails to State an Actionable FLSA Claim ..................... 7

            1.     Plaintiff's Claim for Unpaid Hours Is Not Actionable Under the
                 FLSA as a Matter of Law ...................................................... 7

            2.     Plaintiff Is Exempt From the FLSA Under the Professional and
                 Computer Professional Exemptions ............................................ 10

            3.     Plaintiff Fails to Allege Any Violation of the Salary Basis Test ................... 12

      C.      The Court Should Decline to Exercise Supplemental Jurisdiction Over
            Plaintiff's Remaining State and City Law Claims ................................... 16

IV.     CONCLUSION ............................................................................................... 16

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Adams v. Dep't of Juvenile Justice of City of N.Y.*,
143 F.3d 61 (2d Cir. 1998)......................................................................................11

*Albers v. Bd. of Cty. Comm'rs of Jefferson Cty., Colo.*,
771 F.3d 697 (10th Cir. 2014) ...................................................................................9

*Allen v. Enabling Techs. Corp.*,
No. WMN-14-4033, 016 U.S. Dist. LEXIS 106005 (D. Md. Aug. 11, 2016).........14

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................................................................................................8

*Ayres v Shiver*,
Case No. 21-CV-473(ERK)(PK), 2021 WL 3472655 (E.D.N.Y. Aug. 6, 2021) ....................9

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)....................................................................................................8

*Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of New Jersey, Inc.*,
448 F.3d 573 (2d Cir. 2006)......................................................................................11

*Bobadilla v. MDRC*,
No. 03-CV-9217, 2005 WL 2044938 (S.D.N.Y. Aug. 24, 2005)............................13

*Brennan v. Heard*,
491 F.2d 1 (5th Cir. 1974) ........................................................................................10

*Brown v. Suncoast Skin Solutions, Inc.*,
No: 6:17-cv-515-Orl-28TBS, 2017 WL 2361649 (M.D. Fla. Apr. 26, 2017).........10

*Chambers v. Time Warner, Inc.*,
282 F.3d 147 (2d Cir. 2002)........................................................................................6

*Chen v. Major League Baseball*,
6 F. Supp. 3d 449 (S.D.N.Y. 2014) ..........................................................................12

*Coulibaly v. Millennium Super Car Wash, Inc.*,
No. 12-CV-4760(CBA)(CLP), 2013 WL 6021668 (E.D.N.Y. Nov. 13, 2013).........5

*Dejesus v. HF Mgm't Serv's, LLC*,
726 F.3d 85 (2d Cir. 2013)..........................................................................................8

*DeLuca v. AccessIT Group, Inc.*,
  695 F. Supp. 2d 54 (S.D.N.Y. 2010)......................................................6

*Donovan v. Agnew*,
  712 F.2d 1509 (1st Cir. 1983) ........................................................10, 15

*Haluska v. Advent Commc'ns, Inc.*,
  No. 2:13-cv-1104, 2014 WL 5823105 (W.D. Penn. Nov. 10, 2014)....................15

*Kawatra v. Gardiner*,
  765 S.W.2d 771 (Tenn. Ct. App. 1988) ............................................15

*Klein & Co. Futures, Inc. v. Bd. of Trade*,
  464 F.3d 255 (2d Cir. 2006)............................................................18

*Kokkonen v. Guardian Life Ins. Co. of America*,
  511 U.S. 375 (1994)........................................................................18

*Linder v. Assured Enterp's., Inc.*,
  No. H-20-1363, 2021 WL 5161738 (S.D. Tex. June 8, 2021)................................16

*Lundy v. Catholic Health Sys. of Long Island*,
  711 F.3d 106 (2d Cir. 2013)...................................................... *passim*

*Mehrkar v. Schulmann*,
  No. 99-CV-10974, 2001 WL 79901 (S.D.N.Y. Jan. 30, 2001) ............................15

*Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*,
  723 F.3d 192 (2d Cir. 2013)........................................................9, 17

*Nicholson v. World Bus. Network, Inc.*,
  105 F.3d 1361 (11th Cir. 1997) ..............................................9, 15, 16

*Orton v. Johnny's Lunch Franchise, LLC*,
  668 F.3d 843 (6th Cir. 2012) ........................................................16

*Pani v. Empire Blue Cross Blue Shield*,
  152 F.3d 67 (2d Cir. 1998)...........................................................12

*Pellerin v. Xspedius Mgmt. Co. of Shreveport L.L.C.*,
  432 F. Supp. 2d 657 (W.D. La. 2006)..............................................14

*Pioch v. IBEX Eng'g Servs., Inc.*,
  825 F.3d 1264 (11th Cir. 2016) .............................................9, 10, 16

*Port Dock & Stone Corp. v. Oldcastle Northeast, Inc.*,
  507 F.3d 117 (2d Cir. 2007)...........................................................8

*Reich v. Midwest Body Corp.*,
   843 F. Supp. 1249 (N.D. Ill. 1994) ...................................................................15

*Rogers v. City of Troy*,
   148 F.3d 52 (2d Cir. 1998).................................................................................9

*Walling v. Youngerman-Reynolds Hardwood Co.*,
   325 U.S. 419 (1945)..........................................................................................11

*Ward v. Bank of New York*,
   455 F. Supp. 2d 262 (S.D.N.Y. 2006)...............................................................18

**Statutes and Other Authorities**

29 C.F.R. § 541.400 ................................................................................................12

29 C.F.R. § 541.602 ................................................................................................17

29 C.F.R. § 541.603 ................................................................................................16

29 C.F.R. § 778.108 ................................................................................................11

29 C.F.R. § 778.113 ................................................................................................11

29 U.S.C. § 213 ...................................................................................13, 14, 15, 16

29 U.S.C. § 217 .......................................................................................................13

29 U.S.C. § 255 .........................................................................................................5

Federal Rule of Civil Procedure Rule 12(b)(6)................................................3, 4, 8, 12

Pub. L. No. 104–188, § 2105, 110 Stat. 1755, 1929 (1996) ..................................13

## I.  PRELIMINARY STATEMENT

Defendants Quantierra Advisors LLC d/b/a SciPre Analytics ("Quantierra"),[1] Benjamin Carlos Thypin, and Sandip Trivedi (collectively, "Defendants") respectfully submit this memorandum of law in support of their motion to dismiss the Second Amended Complaint filed by Plaintiff Scherezade Momin ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6).

Plaintiff's First Cause of Action in her Second Amended Complaint alleges a purported minimum wage violation under the Fair Labor Standards Act ("FLSA") for approximately five weeks between January 28, 2019 through March 1, 2019 (the "relevant period"), which is her sole basis for asserting federal subject matter jurisdiction.[2] Despite having *twice* amended her complaint (most recently in response to Defendants' motion to dismiss the first Amended Complaint), Plaintiff's FLSA claim is facially implausible and fails to plead a minimum wage violation as a matter of law. As a threshold and dispositive matter, Plaintiff instead asserts a breach of contract (or implied contract) claim for Defendants' purported failure to pay her agreed-upon salary of $80,000, which is not actionable under the FLSA. Consistent with the highly persuasive and analogous case law cited below, the Court should decline Plaintiff's invitation to convert her contractual claim – which *may* be availing under state law – into a federal claim. That is because

---

[1]     Plaintiff sued the wrong corporate entity. Her employer is SciPre Analytics Inc., which in turn wholly owns Quantierra. For the purposes of Defendants' motion, and given the Rule 12(b)(6) standard, Defendants presume that Plaintiff's employer was Quantierra. However, such allegation is false and not admitted.

[2]     Strictly as required under the applicable Rule 12(b)(6) standard, Plaintiff's allegations are presumed to be true. In fact, Plaintiff was on a medical-related leave of absence and did not perform work throughout the relevant period. As described in Defendants' Answer to the Second Amended Complaint, filed simultaneously as herein, Defendants therefore vehemently deny any truth to Plaintiff's allegations, including but not limited to her city law claims for gender discrimination, sexual harassment, and retaliation.

Congress expressly limited the FLSA's scope to only overtime and minimum wage violations, which Plaintiff has not alleged and cannot allege.

Even if *arguendo* Plaintiff could somehow overcome this hurdle, which she cannot do, her FLSA claim is ripe for dismissal on exemption grounds. Plaintiff admits that her salary was $80,000 per year and that her job duties fall within the FLSA's professional and computer professional exemptions. Plaintiff cannot avoid dismissal by arguing that, because she allegedly received no pay during the relevant period, then her pay fell below the applicable salary basis rate. Under controlling regulations and analogous case law, the key inquiry is Plaintiff's *intended* salary, which she alleges and admits far exceeded the federal minimum wage rate. Here too, Plaintiff seeks to convert her contractual claim into a purported federal minimum wage claim. As such, Plaintiff's Second Amended Complaint confirms that she is exempt from the FLSA's minimum wage requirements, and dismissal is warranted for this reason as well.

After dismissal of Plaintiff's FLSA claim, only city and state law claims remain. The Court should decline to exercise supplemental jurisdiction and dismiss the Second Amended Complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.      BACKGROUND

### A.      Plaintiff's Second Amended Complaint Improperly Asserts Federal Subject Matter Jurisdiction Based Upon a Non-Actionable FLSA Claim

Like her prior pleadings, Plaintiff's Second Amended Complaint asserts: minimum wage violations under the FLSA (First Cause of Action) (Dkt. 29, Second Am. Compl., ¶¶ 72-76); earned wage violations under the New York Labor Law ("NYLL") (Second Cause of Action) (*id.*, ¶¶ 77-79); and discrimination and retaliation claims under the New York City Human Rights Law (the "NYCHRL") (Third through Sixth Causes of Action) (*id.*, ¶¶ 80-91). Plaintiff's FLSA claim is her

sole basis for asserting federal subject matter jurisdiction. (*Id.*, ¶¶ 4-5.) Notably, Plaintiff has declined the Court's prior suggestion to add a state law breach-of-contract claim.

Under her FLSA claim, after drawing all reasonable inferences in her favor (as the Court must do), Plaintiff asserts that Defendants failed to compensate her at the minimum hourly rate when she did not receive her *regular* and *expected* salary for approximately one month during the relevant period.[3] Specifically, Plaintiff calculates her alleged owed wages based upon her *regular* and *expected* salary rather than upon the federal minimum wage rate:

- "On or about January 1, 2016, Plaintiff MOMIN began working for Defendants as a 'Front End Engineer' earning $80,000/year. Plaintiff regularly received bi-weekly paychecks of $3,076.92 notwithstanding the number of hours worked on any given week." (Dkt. 29, Second Am. Compl., ¶ 17.)

- "[R]ather than paying Plaintiff MOMIN the predetermined rate of $80,000.00 per year, Defendants wholly failed to pay Plaintiff MOMIN any wages." (*Id.*, ¶ 54.)

- "Defendants . . . den[ied] Plaintiff MOMIN the predetermined rate of $80,000 per year or approximately $1,538.46 in wages for each week worked in the 2019 period, for a total of **$7,692.30** ($1538.46 x 5 weeks)." (*Id.*, ¶ 55) (emphasis in original).

- "Defendants owe Plaintiff MOMIN a total of **$7,692.30** for their failure to pay her wages for the 2019 period." (*Id.*, ¶ 56) (emphasis in original).

---

[3]     The Second Amended Complaint also asserts that, from September 27, 2017 to June 3, 2018, Plaintiff's salary was purportedly reduced to $65,000. (Dkt. 29, Second Am. Compl., ¶¶ 24-28.) However, Plaintiff has conceded that this claim is not actionable under the FLSA because (i) she has not and cannot plausibly allege a willful violation of the FLSA, *see* 29 U.S.C. § 255(a) (three-year statute of limitations applies to willful FLSA violations only); and (ii) Quantierra's total revenue during 2017 or 2018 was under the FLSA's $500,000 enterprise threshold during those years. *Coulibaly v. Millennium Super Car Wash, Inc.*, No. 12-CV-4760(CBA)(CLP), 2013 WL 6021668, at *5 (E.D.N.Y. Nov. 13, 2013) ("because plaintiff failed to allege that defendant had a gross annual volume of sales not less than $500,000 for the year 2012, plaintiff may not recover under the FLSA for that period"). Any FLSA claim prior to January 2019 therefore fails as a matter of law. In addition, Plaintiff concedes that she lacks an FLSA overtime claim. (Dkt. 22 at 1) ("Plaintiff only claims minimum wage violations.").

Indeed, Plaintiff's purported harm is not that Defendants failed to pay her at the federal minimum wage rate, but rather that they failed to pay her *at all* during the relevant period:

- Plaintiff "stopped receiving any salary" during the relevant period. (*Id.*, ¶ 45.)

- "Plaintiff MOMIN sent a text message . . . stating that she noticed she was not getting paid." (*Id.*, ¶ 46.)

- "Plaintiff MOMIN learned that she was placed on unpaid medical leave and that she was not getting paid." (*Id.*, ¶ 49.)

- "Plaintiff MOMIN [was placed] on unpaid medical leave and remove[d] from payroll." (*Id.*, ¶ 50.)

- "Defendants failed to compensate Plaintiff MOMIN at all. Plaintiff MOMIN received no compensation for the 2019 period." (*Id.*, ¶ 52.)

As explained below, Plaintiff clearly asserts a breach of contract (or implied contract) claim for her expected salary wages during the relevant period, which is not actionable under the FLSA.

Plaintiff also concedes that she was properly treated as exempt under the computer professional exemption. (Dkt. 17, Ex. 3) ("We will concede, at this juncture, Plaintiff would be considered a 'computer professional.'"). That is because she was a "Front End Engineer" whose job consists of: "1) developing and maintaining the company website; 2) keeping the company servers operating correctly; and 3) handling the technological needs of the company." (Dkt. 29, Second Am. Compl., ¶¶ 17, 18.) Plaintiff earned a salary of $80,000 per year, (*id.*, ¶ 17), as confirmed by her signed offer letter. (Dkt. 17, Ex. 1.)[4] As described below, Plaintiff's job duties

---

[4]     Although the signed offer letter is outside the four corners of the Second Amended Complaint, it is merely submitted to confirm that Plaintiff's allegation that her annual salary was $80,000. The Court may consider Plaintiff's signed offer letter because it bears the hallmarks of self-authentication and is "integral to a complaint" – Plaintiff had "(1) 'actual notice' of the extraneous information and (2) 'relied upon th[e] document[] in framing the complaint.'" *DeLuca v. AccessIT Group, Inc.*, 695 F. Supp. 2d 54, 59-60 (S.D.N.Y. 2010) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002)).

and salary basis fall squarely within the professional and computer professional exemptions to the FLSA's minimum wage requirement.

**B.    Procedural History**

On January 22, 2021, Plaintiff commenced this action, asserting federal subject matter jurisdiction based on her FLSA claim only. (Dkt. 1.) Shortly thereafter, on January 25, 2021, Plaintiff filed an Amended Complaint that modified certain factual allegations, but did not address her improper invocation of federal subject matter jurisdiction. (Dkt. 5.)

Defendants thereafter raised with Plaintiff's counsel – on numerous occasions – the deficiencies in Plaintiff's FLSA claim and requested voluntarily dismissal of this case. (Dkt. 17, Exs. 2, 4, 5.) Plaintiff consistently refused Defendants' request. (*E.g.*, *id.*, Exs. 3, 6.) Accordingly, on March 26, 2021, Defendants filed a pre-motion letter in anticipation of their motions to dismiss and for sanctions, (Dkt. 9), and their Answer denying the allegations in the Amended Complaint. (Dkt. 10.)

On April 21, 2021, the Court held a pre-motion conference, (Dkt. 14), during which the Court inquired whether Plaintiff wished to further amend her Complaint – which she declined to do. Accordingly, Defendants' motion to dismiss and motion for sanctions were fully briefed as of June 25, 2021. (Dkts. 15-25.)

On October 22, 2021, the Court held oral argument on Defendants' motions. (Dkts. 22, 30.) In pertinent part, the Court granted Plaintiff's request to file a second amended complaint, denied Defendants' motion to dismiss without prejudice, and denied Defendants' motion for sanctions. (*Id.*) On November 5, 2021, Plaintiff filed her Second Amended Complaint, (Dkt. 28), which the Clerk's Office rejected as defective. (Notice dated Nov. 8, 2021.) On November 11, 2021, Plaintiff filed a corrected Second Amended Complaint. (Dkt. 29.) Defendants now move for dismissal of the action.

## III.    ARGUMENT

### A.    The Applicable Rule 12(b)(6) Standard

The Second Amended Complaint should be dismissed for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6), because Plaintiff has not alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard requires more than "a sheer possibility that the defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Allegations of fact "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

There is a critical distinction between factual allegations and bald assertions or legal conclusions. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Plaintiff "must allege facts that are not merely consistent with the conclusion that defendant violated the law, but which actively and plausibly suggest that conclusion." *Port Dock & Stone Corp. v. Oldcastle Northeast, Inc.*, 507 F.3d 117, 121 (2d Cir. 2007).

These rigorous standards apply equally in the context of FLSA claims. *Lundy v. Catholic Health Sys. of Long Island,* 711 F.3d 106 (2d Cir. 2013) (FLSA claims supplying "nothing but low-octane fuel for speculation" do not meet plausibility standard). The Second Circuit especially registers "concern" where a plaintiff, as here, fails to properly allege a wage-and-hour complaint to assert an actionable claim "while the district court kept the door open for her to [amend]." *Dejesus v. HF Mgm't Serv's, LLC*, 726 F.3d 85, 90 (2d Cir. 2013). Like the plaintiff in *Dejesus*, Plaintiff has been afforded every opportunity to meet the plausibility standard through amendment, and fails to do so. Plaintiff's FLSA claim must therefore be dismissed.

**B.      Despite Having Twice Amended Her Complaint, Plaintiff's Second Amended Complaint Still Fails to State an Actionable FLSA Claim**

**1.      Plaintiff's Claim for Unpaid Hours Is Not Actionable Under the FLSA as a Matter of Law**

Even after twice amending her Complaint, Plaintiff fails to assert an actionable FLSA claim. "The FLSA statute requires payment of minimum wages and overtime wages only," and it "is unavailing where wages do not fall below the statutory minimum and hours do not rise above the overtime threshold." *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013). As the Second Circuit cautioned in *Lundy*:

> So long as an employee is being paid the minimum wage or more, *[the] FLSA does not provide recourse for unpaid hours below the 40-hour threshold . . . .* In this way federal law supplements the hourly employment arrangement with features that may not be guaranteed by state laws, without creating a federal remedy for all wage disputes—of which the garden variety would be for payment of hours worked in a 40–hour work week. *For such claims there seems to be no lack of a state remedy, including a basic contract action.*

711 F.3d at 116 (emphasis added). In other words, "the existence of the FLSA does not convert every suit involving the breach of any employment contract into a federal case." *Rogers v. City of Troy*, 148 F.3d 52, 57 (2d Cir. 1998); *see also Ayres v Shiver*, Case No. 21-CV-473(ERK)(PK), 2021 WL 3472655, at *1 (E.D.N.Y. Aug. 6, 2021) (unpublished decision) ("Plaintiff has failed to state a claim for 'unpaid wages' under the FLSA because the statute does not provide such a claim in the absence of a violation of its minimum wage or overtime provisions.").

Other Circuits have also concluded that the FLSA does not encompass contractual claims for unpaid wages. *See Pioch v. IBEX Eng'g Servs., Inc.*, 825 F.3d 1264, 1271 (11th Cir. 2016) ("The FLSA . . . is not a vehicle for litigating breach of contract disputes between employers and employees."); *Albers v. Bd. of Cty. Comm'rs of Jefferson Cty., Colo.*, 771 F.3d 697, 705 (10th Cir. 2014) ("The FLSA is not an all-purpose vehicle to resolve wage disputes between employers and their employees."); *Nicholson v. World Bus. Network, Inc.*, 105 F.3d 1361, 1362 (11th Cir. 1997)

("Suppose that a company goes bankrupt and fails to pay its non-owner CEO her salary. Under plaintiffs' logic, that CEO could sidestep a contract action and instead invoke the FLSA."); *Donovan v. Agnew*, 712 F.2d 1509, 1517 (1st Cir. 1983) ("We find no basis for holding that Congress intended to extend the minimum wage protections of the [FLSA] to highly salaried employees whenever their employment contracts are breached."); *see also Brown v. Suncoast Skin Solutions, Inc.*, No: 6:17-cv-515-Orl-28TBS, 2017 WL 2361649, at *2 (M.D. Fla. Apr. 26, 2017) ("Plaintiff seeks 'her *regular rate* of pay for each hour worked' as well as a percentage of her collections and reimbursement of mileage—all pursuant to an employment contract. This is a breach of contract claim, not an FLSA claim.") (emphasis in original, citing *Pioch* and *Donovan*, *supra*). These are well-founded and highly persuasive holdings because "the only economic feud contemplated by the FLSA involves the employer's obedience to minimum wage and overtime standards," and therefore "to clutter FLSA proceedings with the minutiae of other employer-employee relationships would be antithetical to the purpose of the Act." *Pioch*, 825 F.3d at 1273 (quoting *Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir. 1974)). Yet, Plaintiff seeks to do exactly what case law repeatedly cautions against:  convert her contractual claim for unpaid wages into an FLSA action.

Plaintiff repeatedly admits and alleges that her *expected* and *regular* rate of pay was $80,000 per year, which is far in excess of the statutory minimum wage rate. *Supra* § II.A. Indeed, Plaintiff bases her purported damages based on her *regular salary*, (Dkt. 29, Second Am. Compl., ¶¶ 55-56), not the federal minimum wage rate of $7.25 per hour. To be clear, Plaintiff's salary of $80,000 per year translates to an average hourly rate of approximately $38.46 per hour for 40 hours worked per week, which far exceeds the federal minimum wage rate of $7.25 per hour.

To state an FLSA minimum wage claim, Plaintiff must allege that her "*average* hourly wage falls below the federal minimum wage." *Lundy*, 711 F.3d at 115 (emphasis added). Instead, Plaintiff alleges that her average hourly rate far exceeded the federal minimum wage rate. The U.S. Department of Labor regulations state that an employee's regular rate of pay is "the hourly rate actually paid the employee for the *normal*, nonovertime workweek for which [s]he is employed— an 'actual fact.'" 29 C.F.R. § 778.108 (emphasis added) (citing *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419, 424 (1945) ("The regular rate by its very nature must reflect all payments which the *parties have agreed shall be received regularly during the workweek . . . .*") (emphasis added)). "[T]he regulations specifically address the situation where an employee's wage is expressed in non-hourly terms: 'Where the salary covers a period longer than a workweek, . . . it must be reduced to its workweek equivalent.'" *Adams v. Dep't of Juvenile Justice of City of N.Y.*, 143 F.3d 61, 66 (2d Cir. 1998) (quoting 29 C.F.R. § 778.113(b)). "Once this is done, the regular rate 'is computed by dividing the salary by the *number of hours which the salary is intended to compensate.*'" *Id.* (emphasis in original, quoting 29 C.F.R. § 778.113(a)).

As repeatedly stated in the Second Amended Complaint, and as the plausible allegations show, Plaintiff's *regular* and *intended* salary was $80,000 per year, or the equivalent of $38.46 per hour, far in excess of the federal minimum wage rate of $7.25 per hour. Accordingly, Plaintiff merely asserts a claim for breach-of-contract (or implied contract)[5] seeking her regular and

---

[5]     Plaintiff's offer letter is not a contract. (Dkt. 17, Ex. 1.) Nonetheless, the offer of $80,000 in annual salary *may* give rise to an actionable state law claim for breach of implied contract. *Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of New Jersey, Inc.*, 448 F.3d 573, 582 (2d Cir. 2006) ("A contract implied in fact may result as an inference from the facts and circumstances of the case, although not formally stated in words, and is derived from the presumed intention of the parties as indicated by their conduct.") (citation omitted).

intended salary of $80,000 during the relevant period. As courts have consistently found, this is not actionable under the FLSA, and it is an improper invocation of federal law.

Should this Court instead adopt Plaintiff's invitation to mischaracterize her claim as one for federal minimum wage, then every exempt employee who is not paid for certain weeks of work could convert their contractual unpaid wage claim into an FLSA minimum wage violation. This end run clearly violates Congress' express intent to avoid "creating a federal remedy for all wage disputes—of which the garden variety would be for payment of hours worked in a 40-hour work week." *Lundy*, 711 F.3d at 116. Although Plaintiff *may* assert a contractual claim – which she curiously refuses to do – the FLSA provides no such remedy, and the Court should decline Plaintiff's obvious attempt to bootstrap her case into federal law by undoing Congressional intent. The fact that Plaintiff's Second Amended Complaint seeks to recover her regular salary rate forecloses the issue. For these reasons, the Court should dismiss Plaintiff's First Cause of Action for failure to state a claim upon which relief may be granted.

### 2. Plaintiff Is Exempt From the FLSA Under the Professional and Computer Professional Exemptions

Even if *arguendo* Plaintiff had pled an actionable FLSA claim (she has not), Plaintiff concedes that she qualified as a professional or computer professional employee and is exempt from the FLSA's minimum wage requirements. An FLSA claim may be dismissed on the basis of an exemption when the exemption "appears on the face of the complaint." *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74 (2d Cir. 1998); *see also Chen v. Major League Baseball*, 6 F. Supp. 3d 449 (S.D.N.Y. 2014) (Koeltl, J.) (granting Rule 12(b)(6) motion to dismiss where complaint "contains facts establishing defendants' affirmative defense [under FLSA exemption]").

Computer professional employees are exempt from minimum wage requirements under two provisions of the FLSA. *See* 29 C.F.R. § 541.400(a) (explaining eligibility for exemption

under 29 U.S.C. § 213(a)(1) or 29 U.S.C. § 213(a)(17)). Originally, computer professional employees were analyzed under Section 213(a)(1) only. However, in 1996, Congress enacted a more specific exemption in Section 213(a)(17) that codified the "duties" requirements for computer professional employees. *See* Pub. L. No. 104–188, § 2105, 110 Stat. 1755, 1929 (1996). This more specific exemption applies to:

> any employee who is a computer systems analyst, computer programmer, software engineer, or other similarly skilled worker, whose primary duty is--
>
> (A) the application of systems analysis techniques and procedures, including consulting with users, to determine hardware, software, or system functional specifications;
>
> (B) the design, development, documentation, analysis, creation, testing, or modification of computer systems or programs, including prototypes, based on and related to user or system design specifications;
>
> (C) the design, documentation, testing, creation, or modification of computer programs related to machine operating systems; or
>
> (D) a combination of duties described in subparagraphs (A), (B), and (C) the performance of which requires the same level of skills, and who, in the case of an employee who is compensated on an hourly basis, is compensated at a rate of not less than $27.63 an hour.

29 U.S.C. § 217(a)(17). As this Court noted:

> Section 213(a)(17) broadened the coverage of computer services personnel from that included in the prior Section 213(a)(1) computer professional exemption and the 1991 DOL regulations in three significant ways. First, it dispensed with Section 213(a)(1)'s requirement that the computer professional exemption apply 'only to highly-skilled employees who have achieved a level of proficiency in the theoretical and practical application of a body of highly specialized knowledge.' Second, it eliminated any reference to educational requirements. Third, it eliminated the requirement that the employee's work require the exercise of independent judgment and discretion.

*Bobadilla v. MDRC*, No. 03-CV-9217, 2005 WL 2044938, at *6 n.5 (S.D.N.Y. Aug. 24, 2005)

(Koeltl, J.) (citation omitted).

Plaintiff concedes that her job duties fall within the computer professional exemption. (Dkt. 17, Ex. 3) ("We will concede, at this juncture, Plaintiff would be considered a 'computer professional.'"); *see also* (Dkt. 29, Second Am. Compl., ¶¶ 17-18). Plaintiff instead challenges whether she was paid on a salary basis during the relevant period, which is unavailing and addressed below.

### 3.     Plaintiff Fails to Allege Any Violation of the Salary Basis Test

Plaintiff earned an annual salary of $80,000 per year, (Dkt. 29, Second Am. Compl., ¶ 18; Dkt. 17, Ex. 1), putting her well above the applicable $455 per week threshold under 29 U.S.C. § 213(a)(1) and 29 U.S.C. § 213(a)(17). In a futile effort to avoid dismissal of her federal case, Plaintiff alleges that her FLSA claim is viable because she was not paid in excess of the salary basis threshold and was underpaid for the relevant period. Plaintiff's argument amounts to another attempted end run to avoid the FLSA's limited subject matter.

As an initial note, Section 213(a)(17) is not limited only to those who earn an hourly rate, but instead merely imposes an additional minimum rate for those employed on an hourly basis. *Pellerin v. Xspedius Mgmt. Co. of Shreveport L.L.C.*, 432 F. Supp. 2d 657, 665 n.9 (W.D. La. 2006) ("[W]e read that last clause as imposing an additional requirement only for those employed on an hourly basis. This interpretation is consistent with legislative comments addressing similar language in the 1990 legislation, and the DOL's resolution of same."); *see also Allen v. Enabling Techs. Corp.*, No. WMN-14-4033, 016 U.S. Dist. LEXIS 106005 (D. Md. Aug. 11, 2016) ("Section 13(a)(17) by its own terms does not exclude employees paid on the traditional salary basis from the section 13(a)(17) exemption, but rather states that in the event that someone is paid on an hourly basis, that employee must be paid not less than $27.63 per hour to be exempt as a computer professional.") (quoting U.S. Dep't of Labor Field Assistance Bulletin No. 2006-3) (Dec. 4, 2006) (citing *Pellerin*, *supra*)). Nonetheless, the section 213(a)(17) regulations apply the same

salary basis test as professional exempt employees under section 213(a)(1), and thus Plaintiff would be considered exempt under both sections because she was paid on a salary basis in excess of the Section 213(a)(1) minimum. *See Haluska v. Advent Commc'ns, Inc.*, No. 2:13-cv-1104, 2014 WL 5823105, at *5-7 (W.D. Penn. Nov. 10, 2014) (declining to address whether (a)(17) exemption applies to salaried employees because regulations apply same salary standard under (a)(1)).

Highly persuasive case law is clear that a computer employee's exempt status under Sections 213(a)(17) and 213(a)(1) does not evaporate simply because an employer allegedly withholds one or more paychecks. In *Mehrkar v. Schulmann*, No. 99-CV-10974, 2001 WL 79901 (S.D.N.Y. Jan. 30, 2001), as here, the plaintiff conceded that his duties exempted him under the FLSA, but he argued that – because he was not paid for a week of work – he was not paid on a salary basis. *Id.*, at *6-7. Then-District Judge (now Circuit Judge) Denny Chin held that "the fact that defendants allegedly did not pay plaintiff for four days does not mean that defendants failed to satisfy the salary basis test, thus voiding plaintiff's exempt status." *Id.* (citing *Reich v. Midwest Body Corp.*, 843 F. Supp. 1249, 1250 (N.D. Ill. 1994) (citing *Donovan*, 712 F.2d at 1516-17; *Kawatra v. Gardiner*, 765 S.W.2d 771, 774-75 (Tenn. Ct. App. 1988))). The Court dismissed Plaintiff's FLSA claim on this basis. *Id.*

As Judge Chin found, the First Circuit's decision in *Donovan* is highly persuasive. 712 F.2d at 1516-17 (no precedent that FLSA covers "exempt employees whose contractual salaries are not paid"). In addition to the case law cited by Judge Chin, the Eleventh Circuit reached the same conclusion. In *Nicholson*, the Eleventh Circuit considered whether two managerial employees, whose employer had allegedly failed to pay them their negotiated salaries, could assert an FLSA claim. 105 F.3d 1361. Like Plaintiff, the employees argued that the exemption required

13

a minimum weekly salary and that they could not have been exempt as a matter of law "because they never received a dime." *Id.* at 1362. Citing the same line of cases as above, the Eleventh Circuit determined that: "We must agree with the reasoning of other courts that have defeated earlier efforts to transform contract actions into FLSA suits. Each of these courts has properly directed its analysis to what an employee was *owed*, not what he actually received." *Id.* at 1365 (emphasis added). Just as Plaintiff seeks to do, to hold otherwise would "convert an entire category of state contract law actions into federal labor suits." *Id.* at 1362.

The Eleventh Circuit reiterated this holding in *Pioch*, which is highly persuasive because it also involves an exempt computer professional employee. 825 F.3d 1264.[6] In determining whether the employee was paid pursuant to the benchmark thresholds contemplated by the FLSA, the Court again focused on "what an employee was promised rather than what he actually received." 825 F.3d at 1269. Following a detailed analysis of case law and the federal regulations, the Court concluded that the plaintiff "cannot use the FLSA as the vehicle for recovery of his hourly salary [because] an hourly computer employee's exempt status under § 213(a)(17) does not evaporate simply because the employer withholds a final paycheck." *Id.* at 1272. Other courts have reached the same result. *E.g.*, *Linder v. Assured Enterp's., Inc.*, No. H-20-1363, 2021 WL 5161738, at *9 (S.D. Tex. June 8, 2021) ("The fact that [defendant] breached the contract in late 2016 did not, by itself, alter his exempt status.") (citing *Pioch*, *supra*).

This outcome is also supported by the regulations. 29 C.F.R. § 541.603(a) states that "[a]n employer who makes improper deductions from salary shall lose the exemption if the facts

---

[6]       The Eleventh Circuit also engaged in a lengthy discussion distinguishing and declining to follow *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843 (6th Cir. 2012). *See Pioch*, 825 F.3d at 1270-72. The Court should reach the same result.

demonstrate that the employer *did not intend* to pay employees on a salary basis" (emphasis added). Here, Plaintiff admits that her employment was regularly compensated at a regular salary of $80,000 per year as set forth in her offer letter. As such, Plaintiff admits and acknowledges that she was exempt and paid on a "salary basis" because, each pay period, she received or *should have received* "a predetermined amount constituting all or part of [her] compensation, which amount [was] not subject to reduction because of variations in the quality or quantity of the work performed." 29 C.F.R. § 541.602(a).

Moreover, the Second Amended Complaint confirms that Plaintiff's "*predetermined* rate" of pay was "$80,000 per year," (Dkt. 29, Second Am. Compl., ¶¶ 55-56) (emphasis added), well above the $455 per week benchmark contemplated for salaried exempt computer and professional employees under the FLSA. As such, Plaintiff's exempt status continues and the alleged withholding of *expected* pay did not violate the salary basis test exists.

As described above, *supra* § II.B.1, if this Court were to adopt the reasoning that Plaintiff suggests, then every exempt plaintiff would have a federal minimum wage claim for time or days worked when they were unpaid. The Second Circuit has clearly prohibited such a theory in the context of gap-time claims. *Nakahata*, 723 F.3d at 201 ("[T]he FLSA does not provide a cause of action for unpaid gap time.") (citing *Lundy*, 711 F.3d at 116-17). An extension of the same principle to unpaid wage claims is wholly consistent. Indeed, the case law cited above is clear that routine contractual claims are simply not viable under the FLSA. Thus, Defendants' purported failure to pay Plaintiff for the relevant period was not a violation of the FLSA's salary basis test. Plaintiff is exempt from the minimum wage provisions of the FLSA, and Defendants' motion must be granted for this reason as well.

**C.      The Court Should Decline to Exercise Supplemental Jurisdiction Over Plaintiff's Remaining State and City Law Claims**

Plaintiff's motive in bootstrapping this action to a fruitless federal claim should be clear: she seeks to drag Defendants into the wrong federal forum to litigate her city and state law claims. Plaintiff's conduct flies in the face of black-letter law that "[f]ederal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 277 (1994).

The Court should decline to exercise supplemental jurisdiction over Plaintiff's NYLL and NYCHRL claims, and dismiss the Second Amended Complaint in its entirety. *Ward v. Bank of New York*, 455 F. Supp. 2d 262, 272 (S.D.N.Y. 2006) (declining to exercise supplemental jurisdiction over NYLL claims after dismissing FLSA claims); *Klein & Co. Futures, Inc. v. Bd. of Trade*, 464 F.3d 255, 262 (2d Cir. 2006) ("It is well settled that where . . . the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims.").

## IV.      <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that the Court enter an Order dismissing Plaintiff's FLSA claim with prejudice, declining supplemental jurisdiction as to her state and city law claims, and granting such other relief as the Court deems warranted.

Dated:  New York, New York
         November 22, 2021

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.

By /s Aaron Warshaw _____
    Aaron Warshaw
    Jessica R. Schild
599 Lexington Avenue, 17th Floor
New York, New York 10022
(212) 492-2500

*Attorneys for Defendants*

## <u>CERTIFICATION OF WORD COUNT COMPLIANCE</u>

I, Aaron Warshaw, hereby certify that Defendants' Memorandum of Law in Support of Their Motion to Dismiss Plaintiff's Second Amended Complaint complies with the Individual Practices of Judge John G. Koeltl, Rule II.D, as it contains 5,241 words, and complies with the formatting rules of Rule II.D.

<u>/s Aaron Warshaw</u>
Aaron Warshaw

49356518.3