```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
--------------------------------------

SCHEREZADE MOMIN,

                Plaintiff,

    - against -

QUANTIERRA ADVISORS LLC, ET AL.,

                Defendants.

--------------------------------------

21-cv-612 (JGK)

MEMORANDUM OPINION
AND ORDER

**JOHN G. KOELTL, District Judge:**

    The plaintiff, Scherezade Momin, brought this action against the defendants, Quantierra Advisors LLC d/b/a SciPre Analytics ("SciPre"), Benjamin Thypin, and Sandip Trivedi, alleging that the defendants violated the Fair Labor Standards Act ("FLSA"), the New York State Labor Law, and the New York City Human Rights Law.

    The defendants now move to dismiss the plaintiff's second amended complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the defendants' motion to dismiss is **granted**.

### I.

    The following allegations are drawn from the second amended complaint ("SAC") and are accepted as true for the purpose of resolving the motion to dismiss.

    In January 2016, the plaintiff began working at SciPre as a front-end engineer. SAC ¶ 17. The plaintiff earned $80,000 per

year and regularly received bi-weekly paychecks of $3,076.96 regardless of the number of hours that she worked in any given week. Id. The plaintiff alleges that she performed work for SciPre for approximately 35 to 40 hours per week during the five-week period between January 28, 2019 and March 1, 2019 (the "Five-Week Period"). Id. ¶¶ 52-53. However, the plaintiff contends that during the Five-Week Period, "rather than paying [the plaintiff] the predetermined rate of $80,000.00 per year, [the] Defendants wholly failed to pay [the plaintiff] any wages."[1] Id. ¶ 54. The plaintiff alleges that by denying the plaintiff "the predetermined rate of $80,000 per year or approximately $1,538.46 in wages for each week worked during the" Five-Week Period, the defendants violated the minimum wage provisions of the FLSA. Id. ¶¶ 55-56. The plaintiff contends that as compensation for this alleged minimum wage violation, she is entitled to damages of $7,692.30, which represents what she would have been paid during this Five-Week Period had she been paid at the "predetermined" rate of $80,000 per year during that time. Id.

The plaintiff also brings several causes of action under state law. The plaintiff alleges that this Court has subject

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all alterations, omissions, emphasis, quotation marks, and citations in quoted text.

2

matter jurisdiction over the FLSA minimum wage claim pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. Id. ¶¶ 4-5.

The plaintiff filed the original complaint on January 22, 2021, and an amended complaint on March 26, 2021. The defendants moved to dismiss the amended complaint for failure to state a claim under the FLSA on May 14, 2021. In a conference on October 22, 2021, the Court pointed out the potential deficiencies of the plaintiff's FLSA claim, denied the defendants' motion to dismiss without prejudice, and afforded the plaintiff the opportunity to file a second amended complaint. See ECF No. 30. The defendants now move to dismiss the second amended complaint.

## II.

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the complaint are accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor. See McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550

U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

### III.

The FLSA requires that covered employers pay their employees at a rate of no less than $7.25 per hour. 29 U.S.C. § 206(a). The plaintiff contends that she pleaded adequately an FLSA minimum wage claim because she alleged that she worked 35 to 40 hours per week during the Five-Week Period but was paid at a rate of $0 per hour, which is below the required minimum wage. The defendants contend that the plaintiff's allegations conclusively establish that this is not an FLSA minimum wage case, that the plaintiff was being paid at far more than the FLSA minimum wage, and that the plaintiff is attempting to use the FLSA to manufacture federal jurisdiction over what is really a breach of contract action.

"[T]he FLSA is a uniquely protective statute" that was enacted to "prevent abuses by unscrupulous employers[] and remedy the disparate bargaining power between employers and employees." Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 207 (2d Cir. 2015) (citing Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 706-07 (1945)); see also, e.g., 73 Fed. Reg.

4

67,987 (Nov. 17, 2008) ("The FLSA is a remedial statute setting the floor for minimum wage and overtime pay. It was intended to protect the most vulnerable workers, who lacked the bargaining power to negotiate a fair wage or reasonable work hours with their employers.").

Consequently, employees — and particularly highly paid employees — cannot use the FLSA to pursue breach of contract claims. See, e.g., Pioch v. IBEX Eng'g Servs., Inc., 825 F.3d 1264, 1271 (11th Cir. 2016) ("The FLSA, after all, is not a vehicle for litigating breach of contract disputes between employers and employees."); Brown v. Suncoast Skin Sols., Inc., No. 6:17-cv-515, 2017 WL 2361649, at *2 (M.D. Fla. Apr. 26, 2017), report and recommendation adopted, 2017 WL 2364323 (M.D. Fla. May 30, 2017) (concluding that the plaintiff failed to state an FLSA minimum wage claim; "Plaintiff seeks her regular rate of pay for each hour worked . . . pursuant to an employment contract. This is a breach of contract claim, not an FLSA claim."); Dunn v. Sederakis, 143 F. Supp. 3d 102, 110-11 (S.D.N.Y. 2015) ("[U]nder settled law, the FLSA neither converts an employer's contract breach into a federal violation, nor generally federalizes disputes between employers and employees"); see also Rogers v. City of Troy, N.Y., 148 F.3d 52, 57 (2d Cir. 1998) ("Parties may, of course, contract for additional rights above those guaranteed by the [FLSA]. The

existence of the FLSA does not convert every suit involving the breach of an employment contract into a federal case.").

This plainly is not an FLSA minimum wage case. The plaintiff's yearly salary was $80,000, which, by the plaintiff's own calculation, implies an average hourly rate of approximately $38.46 per hour. See Amended Complaint ¶ 17. Even between January 1 and March 1, 2019, which includes the Five-Week Period, the plaintiff received two paychecks for a total of over $6,000. This salary, averaged across these three months and assuming 40-hour work weeks, still translates to an average hourly rate that exceeds the federal minimum wage by more than 50%.[2] The plaintiff's relatively high salary and average hourly pay both generally and between January and March 2019 demonstrates that the plaintiff is not in the class of vulnerable workers that the FLSA minimum wage provisions were designed to protect. See Ayres v. Shiver, No. 21-cv-473, 2021 WL 3472655, at *1-2 (E.D.N.Y. Aug. 6, 2021) (concluding that a plaintiff with a $350,000 salary who alleged that she did not receive any wages for several months failed to state a minimum wage claim under the FLSA and explaining that "[t]his is not a minimum wage case."); see also Christopher v. SmithKline Beecham Corp., 567 U.S. 142, 166 (2012) (employees who "earned an

---

[2] The plaintiff concedes that the plaintiff "received the minimum wage if her salary in January was spread out to March 1, 2019." See Opp'n at 8.

6

average of more than $70,000 per year . . . are hardly the kind of employees that the FLSA was intended to protect.").

Indeed, the SAC makes it clear that the plaintiff is not actually seeking to invoke the minimum wage protections of the FLSA. To the contrary, the plaintiff effectively concedes that she is attempting improperly to use the FLSA to pursue a breach of contract claim against the defendants.[3] The plaintiff explicitly does not seek the damages that are available under the FLSA for minimum wage violations, which comprise any amount of unpaid minimum wages and, in certain circumstances, an additional equal amount in liquidated damages. 29 U.S.C. § 216(b). Instead, the plaintiff seeks damages resulting from the defendants' putative violation of the FLSA for their failure pay the plaintiff "the <u>predetermined rate of $80,000 per year</u> or approximately $1,538.46 in wages for each week worked in the [Five-Week Period], for a total of $7,692.30 ($1[,]538.46 x 5 weeks)." SAC ¶¶ 55-56 (emphasis added). These are thousands of dollars of contract damages that dwarf the damages available to the plaintiff if she were actually pursuing an FLSA minimum wage claim.

---

[3] The Court takes no position on whether any agreement between the parties was a written contract or, as the defendants argue, an implied contract. See Motion at 9 n.5. For the purposes of this Opinion, any reference to an employment agreement or employment contract between the parties refers to the agreement between the parties with respect to the terms of the plaintiff's employment, whichever form it took.

7

In sum, the plaintiff is a highly paid worker who is attempting to use the FLSA to recover salary allegedly owed to her pursuant to an employment agreement. This is, in truth, a breach of contract action, not an FLSA action. Therefore, the plaintiff's FLSA minimum wage claim fails. See Ayres, 2021 WL 3472655, at *1-2; Brown, 2017 WL 2361649, at *2; Nakanishi v. Kanko Bus Lines, Inc., No. 88-cv-2073, 1989 WL 1183124, at *2 (S.D.N.Y. July 14, 1989) (dismissing an FLSA minimum wage claim because it was clear from the pleadings that "this is not an action that seeks to recover a minimum wage. Instead, it remains a suit based on familiar principles of contract and unjust enrichment that seeks not the minimum wage but rather damages in excess of $300,000."). If the plaintiff were permitted to seek remedies for an alleged breach of contract under the guise of an FLSA minimum wage claim, then highly paid plaintiffs would be able to manufacture federal jurisdiction over garden variety contract disputes between themselves and their employers using the FLSA. The plaintiff has provided no plausible reason for this result.

In support of her argument that she stated a minimum wage claim, the plaintiff relies principally on Nymbus, Inc. v. Sharp, No. 3:17-cv-1113, 2019 WL 692938 (D. Conn. Feb. 19, 2019). Nymbus involved a dispute between an employer and its former employee, whose annual salary was between $250,000 and

8

$300,000. Id. at *6. But Nymbus involved only an FLSA overtime claim, not an FLSA minimum wage claim. See Nymbus, Inc. v. Sharp, No. 3:17-cv-1113, ECF No. 51 ¶¶ 146-57 (D. Conn.). Moreover, the employer in Nymbus did not argue that the employee had failed to state a claim under the FLSA and the court did not conduct any such analysis. The plaintiff's reliance on Nymbus is therefore unpersuasive.[4]

For these reasons, the plaintiff's FLSA minimum wage claim is without merit and must be dismissed. Because the plaintiff has already amended her complaint twice (and once after the Court pointed out the potential issues with the plaintiff's FLSA claim), the current dismissal of the FLSA minimum wage claim is with prejudice.[5]

### IV.

The FLSA minimum wage claim was the plaintiff's sole federal cause of action. The plaintiff also brings several additional claims arising under state law. The defendants argue

---

[4] The issue before the Nymbus court was whether nonpayment of the employee's agreed-upon salary for several months meant that the employee was not paid on a "salary basis" within the meaning of a certain exemption under the FLSA. Nymbus, 2019 WL 692938, at *6. The court concluded that this nonpayment of salary violated the salary basis test and that consequently, the employee was not exempt from the overtime mandates of the FLSA. Id. Orton v. Johnny's Lunch Franchise, LLC, 668 F.3d 843 (6th Cir. 2012), which the plaintiff also cites, likewise dealt with the salary basis test and is inapposite for similar reasons. See id. at 847-50.

[5] The defendants argue alternatively that the plaintiff's FLSA claim should be dismissed because the plaintiff qualifies for certain exemptions to the FLSA minimum wage provisions. Because the plaintiff has failed to state an FLSA minimum wage claim, the Court need not address the defendants' alternative arguments.

9

that the Court should decline to exercise supplemental jurisdiction over the remaining state law claims.

Whether to exercise supplemental jurisdiction under 28 U.S.C. § 1367 "is within the sound discretion of the district court." Lundy v. Catholic Health Sys. of Long Island Inc., 711 F.3d 106, 117 (2d Cir. 2013). Courts "consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity" to decide whether to exercise supplemental jurisdiction. Id. at 117-18. These factors counsel against hearing state law claims when the federal claims against a party are dismissed. See id. ("Once all federal claims have been dismissed, the balance of factors will usually point toward a declination."); 28 U.S.C. § 1367(c)(3).

The Court will not exercise supplemental jurisdiction over the plaintiff's state law claims. Any concerns about judicial economy, convenience, and fairness are limited because this case is still at an early stage of the litigation. See Marcus v. AT&T Corp., 138 F.3d 46, 57 (2d Cir. 1998) ("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well."). Accordingly, the plaintiff's claims arising under state law are dismissed without prejudice.

## CONCLUSION

The Court has considered all of the parties' remaining arguments. To the extent not specifically addressed above, they

10

are either moot or without merit. For the foregoing reasons, the defendants' motion to dismiss is **granted**. The plaintiff's FLSA minimum wage claim is **dismissed with prejudice**. The plaintiff's remaining state law claims are **dismissed without prejudice**.[6]

The Clerk is directed to close all pending motions and to enter judgment dismissing this case.

**SO ORDERED.**

Dated:  June 3, 2022
        New York, New York

/s/ John G. Koeltl
John G. Koeltl
United States District Judge

---

[6] Although the plaintiff has requested oral argument, the Court has determined that an oral argument is not necessary for resolving this motion. Moreover, the Court held oral argument for the defendants' prior motion to dismiss, which dealt with substantially overlapping issues as the present motion.