**MANDATE**

22-1445-cv
Scherezade Momin v. Quantierra Advisors LLC

1:21-cv-00612-JGK



# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of March, two thousand twenty-three.

PRESENT:
        ROBERT D. SACK,
        ALISON J. NATHAN,
            *Circuit Judges*.
        GARY R. BROWN,
            *District Judge*.*

---

**Scherezade Momin,**

    *Plaintiff-Appellant*,

v.                                                  22-1445

**Quantierra Advisors LLC, DBA Scipre Analytics, Benjamin Carlos Thypin, individually, Sandip Trivedi, individually**

    *Defendants-Appellees*,

---

FOR PLAINTIFF-APPELLANT:        JESSENIA MALDONADO, Law Office of Yuriy Moshes, P.C., Brooklyn, NY

---

* Judge Gary R. Brown, of the United States District Court for the Eastern District of New York, sitting by designation.

1

| | |
|---|---|
| **FOR DEFENDANT-APPELLEE:** | EVAN B. CITRON (Jessica R. Schild, *on the brief*), Ogletree, Deakins, Nash, Smoak & Stewart, P.C., New York, NY |

Appeal from an order of the United States District Court for the Southern District of New York (Koeltl, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED**.

In January of 2021, Plaintiff-Appellant Scherezade Momin sued her former employer and two of its employees, alleging various state law harassment and discrimination claims as well as a claim under the Fair Labor Standards Act. Approximately ten months later, on November 19, 2021, Scherezade Momin died. Her attorney Jessenia Maldonado learned of the death in December. However, neither Maldonado nor opposing counsel filed a suggestion of death with the district court, which would have triggered a 90-day window to move to substitute a new party. Fed. R. Civ. P. 25(a)(1). Instead, the case continued to unfold with filings from both parties that did not mention the death, and the district court apparently unaware that the litigant was dead. The district court entered an order dismissing Momin's claim on the merits on June 3, 2022.

Meanwhile, after Scherezade Momin's death, her mother Rubina Momin established Scherezade Momin's estate and was appointed as personal representative on June 21, 2022. Maldonado claims to have taken Rubina Momin on as a client in either December 2021 or July 2022. *Compare* Supp. App'x 53 (Maldonado letter stating that on a December 15, 2021 call, her firm "informed [opposing counsel] that our office represents Ms. Rubina Momin . . . as plaintiff in this matter"), *with* Reply Br. 5 (stating that Maldonado's firm "began formal representation of Ms. Rubina Momin as of July 1, 2022").

2

Despite this sequence of events, Maldonado submitted a notice of appeal naming Scherezade Momin as the Appellant on July 6, 2022. No indication was provided to this Court that the Appellant was in fact deceased. Soon thereafter, it appears that the district court was alerted to the death because Judge Koeltl issued an order directing Plaintiff's counsel to advise the court as to whether the Plaintiff was dead. Maldonado responded to the order with a letter to the district court confirming that Momin had died almost nine months earlier and noting an intent "to file a motion pursuant to FRCP 25 seeking to substitute Ms. Rubina Momin as plaintiff in this action." Letter at 2, *Momin v. Quantierra Advisors LLC*, No. 1:21-cv-00612-JGK (S.D.N.Y. July 12, 2022), ECF No. 47. On July 13, 2022, Judge Koeltl admonished counsel for failing to promptly file a suggestion of death and expressly directed "[t]he plaintiff's counsel [to] bring the issue of the plaintiff's death to the attention of the Court of Appeals for the Second Circuit." Order at 1, *Momin v. Quantierra Advisors LLC*, No. 1:21-cv-00612-JGK (S.D.N.Y. July 13, 2022), ECF No. 48.

But bringing Scherezade Momin's death to the attention of this Court, as ordered by the district court, was not Maldonado's priority. Counsel proceeded with the appeal without referencing the death or moving for a substitution until after Defendants noted these omissions in their October response brief and called for dismissal of the appeal. In November of 2022, nearly a year after Scherezade Momin's death and four months since Judge Koeltl's order, Maldonado filed a motion to substitute Rubina Momin as the appellant. For the reasons that follow, we deny the motion to substitute.

It is within this Court's discretion to deny a motion for substitution, and a long delay between a party's death and the motion justifies the denial. When a party dies before filing a notice of appeal, and a potential appellant moves to be substituted after the notice of appeal is filed,

3

"substitution must be in accordance with Rule 43(a)(1)." Fed. R. App. P. 43(a)(2). Rule 43(a)(1) "describe[s] a procedure similar to the rule on substitution in civil actions in the district court." Fed. R. App. P. 43 advisory committee's note to 1967 amendment (citing Fed. R. Civ. P. 25(a)). In the district court, such motions "may be denied by the court in the exercise of a sound discretion if made long after the death—as can occur if [a] suggestion of death is not made or is delayed." Fed R. Civ. P. 25(a) advisory committee's note to 1963 amendment; *see also Marentette v. City of Canandaigua*, 799 F. App'x 48, 50 (2d Cir. 2020) (summary order) (denying a motion to substitute and dismissing the appeal under similar circumstances).

Maldonado had many opportunities to be forthcoming with the district court and this Court about her client's death. She failed to take those opportunities. Moreover, at oral argument, Maldonado was given additional opportunities to provide a reasonable explanation as to why she declined to file a suggestion of death with the district court in the six months between the time she learned of her client's death and the district court's dismissal of the claim. No satisfactory explanation was provided. Nor could Maldonado explain why she filed the notice of appeal on behalf of Scherezade Momin, even though Rubina Momin had been appointed representative by that time. Her conduct violated Federal Rule of Appellate Procedure 43(a)(2), which permits a decedent's attorney of record to file a notice of appeal only "if there is no personal representative," and her filing error is even more perplexing in light of her assertion that she represented Rubina Momin at the time of the appeal. Counsel did not disclose the death to the district court until ordered to do so. Faced with a second order mandating that she disclose the death to this Court, she instead filed a brief that excluded reference to the death and the district court's orders in every

4

way.[1]  She waited until her opponents raised the issue of the death and district court's order in their own briefing, nearly a year after her client's death, to file the motion for substitution.  This all amounts to an inexplicable delay, a failure to make a timely effort to comply with the district court's order, and a striking lack of candor and good faith on behalf of Plaintiff-Appellant's counsel.  We therefore deny the motion to substitute Rubina Momin as Plaintiff-Appellant.[2]

Because we deny the motion to substitute, we are left with "no qualified representative to prosecute this appeal."  As a result, we "find it necessary to dismiss this appeal 'base[d] on the inherent power of this Court to manage and control its docket.'"  *Marentette*, 799 F. App'x at 50 (alteration in original) (quoting *Johnson v. Morgenthau*, 160 F.3d 897, 899 (2d Cir. 1998)).

For the above reasons, the appeal is **DISMISSED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

---

[1] The only indication that Momin had died was in the district court docket sheet, which counsel was required to include as part of the appendix.

[2] We also have serious doubts about whether we could have granted this motion to substitute.  *See Raley v. Hyundai Motor Co.*, 642 F.3d 1272, 1276 (10th Cir. 2011) (Gorsuch, J.) ("Without a timely notice of appeal from someone we can be confident is a party to the appeal, we have no authority to hear a challenge to the district court's judgment, let alone grant a motion in such a (non-existent) appeal.").

5